Max Weiss v. Commissioner.
Weiss v. Commissioner
Docket N0. 5319-68.
United States Tax Court
T.C. Memo 1972-86; 1972 Tax Ct. Memo LEXIS 171; 31 T.C.M. (CCH) 342; T.C.M. (RIA) 72086; April 11, 1972, Filed Max Weiss, pro se, 1775 Clay Ave., Bronx, New York, N.Y. Fred L. Baker, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent determined a deficiency in income tax due from the petitioner, Max Weiss, in the amount of $5,489.09 for the taxable year 1964. For the same taxable year, he determined an addition to tax for said petitioner in the amount of $273.95. All other issues having been resolved by agreement of the parties, the questions for decision *172 are: (1) Were certain expenses incurred by the petitioner for food and lodging in his travels as a "jewelry salesman" deductible within the meaning of section 162(a)(2)? [1]
(2) Is the petitioner liable for an addition to tax as provided for in section 6651(a)? Findings of Fact Max Weiss (hereinafter referred to as "petitioner") is a taxpayer whose legal residence at the time the petition was filed in this case was Bronx, New York. He filed his income tax return for the taxable year 1964 with the district director of internal revenue, Manhattan, New York, on August 25, 1965. An extension of time for filing the 1964 Federal income tax return was granted to August 15, 1965. During 1964, petitioner was employed as a jewelry salesman, and both of his employers were jewelry companies with headquarters in New York City. His territory as a jewelry salesman was nationwide; he traveled from coast to coast and to Hawaii. At trial, petitioner testified that he had been "on the road" as a jewelry salesman for 48 years. In 1964, as in the other years, petitioner traveled extensively throughout his assigned nationwide *173 territory and was away from New York City in travel status 327 days. During his months "on the road," petitioner traveled by train throughout his nationwide territory, using major or "key" cities as points from which to operate while visiting retail jewelry customers in suburban areas and nearby towns. Petitioner 343 would traverse his territory from coast to coast twice each year. Each year petitioner canvassed the state of Florida for a period of 6 weeks, working out of two key cities, Miami and Jacksonville. Petitioner's brother resided in Miami Beach, Florida, with his wife in a two and a half room apartment at 1757 James Avenue (the address shown on petitioner's 1964 Federal income tax return). While in Miami on business, petitioner resided at his brother's apartment. Petitioner paid no part of the expenses for its maintenance or for his board and keep while there. Petitioner kept some of his personal belongings and clothing in his brother's apartment. Petitioner did not pay his brother for storing these personal belongings there throughout the year. While on the road for over a 10-month period canvassing his nationwide territory each year, petitioner carried with him *174 his complete wardrobe suitable for all climates and all other personal belongings, except those few items left at his brother's apartment in Miami. Each year, including 1964, petitioner would return from his sales territory and reside in New York City for approximately 1 month. New York City was not part of petitioner's sales territory and while there he would not engage in any selling activities. Each year during his 1-month stay in New York City, where petitioner's employers were headquartered, petitioner would reorganize his jewelry inventory and arrange his personal and financial affairs. While there, petitioner stayed at a hotel. Petitioner had no permanent year-round home in New York, did not pay New York State income taxes, nor did he vote there. Petitioner was not married in 1964. On his 1964 Federal income tax return, petitioner stated that his occupation was that of "outside jewelry salesman." His business income was reported on Schedule C, Profit From Business or Profession, reflecting gross receipts of $21,415. Petitioner reported additional commissions of $1,028 under the heading of income from other sources, these commissions being received from Artistic Jewelry *175 Co., one of his New York employers. Petitioner claimed certain business expenses on Schedule C of his 1964 Federal income tax return under the heading "Other Business Deductions." Those at issue are as follows: Meals - tipping
$2,943
Hotel rooms 1,686
Total
$4,629
In his notice of deficiency, the respondent disallowed the above expenses, claiming that they had not been substantiated and that, in any event, they were not incurred or paid while away from home in connection with the carrying on of a trade or business or in the performance of services as an employee. Respondent now concedes that the expenses at issue were, in fact, incurred by the petitioner during the taxable year 1964 but continues to dispute their deductibility. Opinion The primary issue in this case involves the deductibility of certain lodging and sustenance expenses incurred by the petitioner in 1964. In this respect, the facts are indistinguishable in nature from those of (C.A. 2, 1971), certiorari denied , rehearing denied . There the court denied the claimed deduction, *176 holding that the taxpayer did not have a "home" to be away from, within the meaning of section 162.[2]
We had reserved decision in the instant case pending the Supreme Court's action in Rosenspan, having agreed that the final decision in that case would be controlling for our purposes. Accordingly, we now find and hold that the taxpayer may not deduct from his Federal income tax the expenses incurred by him in 1964 as lodging and sustenance expenses during his travels as a "jewelry salesman." In addition, petitioner failed to file a timely Federal income tax return in 1964, filing 10 days beyond the extension period that had been granted to him. We find and hold that such failure to file was due to willful neglect *177 and was not for reasonable 344 cause, consequently, petitioner is liable for the addition to tax as provided for in section 6651(a). Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. Section 162 provides in pertinent part as follows: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩